# IN THE SUPREME COURT OF IOWA

No. 14–1783

Filed May 6, 2016

**LENORA CARUSO,**

Appellee,

vs.

**APTS. DOWNTOWN, INC.,**

Appellant.

---

Appeal from the Iowa District Court for Johnson County, Douglas S. Russell, Judge.

A landlord appeals and a tenant cross-appeals a district court ruling affirming in part and reversing in part a small claims court decision in a residential landlord–tenant dispute. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

James W. Affeldt and Robert M. Hogg of Elderkin & Pirnie, P.L.C., Cedar Rapids, for appellant.

Christopher S. Warnock and Christine E. Boyer of Iowa Tenants' Project, Iowa City, for appellee.

**APPEL, Justice.**

This is a case under the Iowa Uniform Residential Landlord and Tenant Act (IURLTA). The district court affirmed a magistrate's determination in small claims court that the landlord violated the IURLTA by attempting to pass the cost of an interior door repair onto the tenants and by requiring tenants to automatically pay for the cost of carpet cleaning upon the termination of the lease. The district court also affirmed the magistrate's award of damages for bad-faith retention of a rental deposit. Additionally, the district court affirmed the magistrate's award of two months' rent payments for knowing use of lease provisions prohibited by the IURLTA. While the district court awarded tenant attorneys' fees, the district court reduced the amount to keep the total recovery below the $5000 jurisdictional limit of small claims court.

Many of the issues raised in this appeal were identical or similar to those decided in *De Stefano v. Apts. Downtown, Inc.*, ___ N.W.2d ___ (2016). In addition, however, this appeal involves a different claim— namely, whether the landlord knowingly used provisions in its lease that violated the IURLTA, thereby entitling the tenant to an award of up to three months' rent under Iowa Code section 562A.11(2) (2011).

For the reasons expressed below, on the landlord's appeal we affirm the district court in all respects except on the issue of a knowing use of provisions violating the IURLTA and bad-faith retention of the rental deposit. We conclude the record does not contain sufficient evidence to support a knowing violation and therefore reverse the judgment of the district court on this issue. We also conclude there was insufficient fact-finding on the issue of bad-faith retention of the rental deposit and so remand the case to the district court for the development of the record.

With respect to the tenant's cross-appeal challenging the district court's limitation of attorneys' fees in small claims actions, we reverse the district court based on our holding in *De Stefano* and remand the case to the district court for recalculation of permissible attorneys' fees.

## I. Factual Background and Proceedings.

Lenora Caruso and two others rented a three-bedroom apartment from Apts. Downtown (Apartments Downtown) starting in August 2010. Upon entering into the lease, the tenants paid a $1270 rental deposit. The lease between the tenants and the landlord was a standard form utilized by the landlord. The lease contained the same automatic carpet-cleaning provisions that was at issue in *De Stefano.* Specifically, paragraph 37(e) provided,

> The carpets throughout the building are professionally cleaned each time apartments turn over occupancy. Tenants agree to a charge starting at $95 (efficiency) not to exceed $225 (6+ bedrooms) being deducted from the deposit for professional cleaning at the expiration of the Lease.

In addition, the lease contained a provision related to certain repairs. Paragraph 33(a) read, "Unless the Landlord is negligent, Tenants are responsible for the cost of all damages/repairs to windows, screens, doors, carpet, and walls, regardless of whether such damage is caused by residents, guests or others."

After the lease ended and the tenants moved out in July 2012, the landlord deducted $904.33 from the rental deposit. Specifically, it deducted $134 as an automatic carpet-cleaning charge, $105 in other cleaning charges, $40 to replace drip pans, and $625.33 for "past due rent and fees." The past due rent and fees included $199.33 for replacement of an interior door, which the tenants refused to pay, and monthly penalties totaling $400 for failure to pay for the door.

Caruso filed a small claims action. Among other claims, the tenant alleged the landlord unreasonably failed to return the rental deposit and willfully used a rental agreement with known prohibited provisions. In addition to damages, the tenant sought punitive damages and an award of attorneys' fees.

A hearing was held before the magistrate. Both parties offered testimony and various photographic exhibits related to the condition of the premises at the termination of the lease. The parties offered conflicting evidence that related to whether the interior door was damaged and, if so, to what extent. With respect to the carpets, the tenant's evidence suggested that great efforts were made to clean the premises, including the carpets, and that the premises were in pristine condition at the conclusion of the lease. The landlord's evidence suggested that the carpet was stained, that the drip pans were dirty, and that the premises were not generally clean when inspected by the landlord.

After receipt of the evidence, the magistrate found that the automatic carpet-cleaning provision was "in violation of § 562A.12 and is unconscionable." The magistrate further found that the automatic cleaning provision required the tenant to forgo her rights under Iowa Code section 562A.7(2) by preventing the tenant from contesting the need for the cleaning and by failing to require the landlord to meet its burden of proof in showing that the cleaning was necessary. The magistrate further found, as a matter of fact, that the landlord failed to show that the carpet was damaged beyond ordinary wear and tear. The magistrate also found that the amounts for cleaning charges should not have been withheld from the tenant's rental deposit.

On the question of door repair, the magistrate found, as a matter of fact, that the damage to the door, if any, was not caused by the tenants, their guests, or visitors. The magistrate held that under Iowa Code section 562A.15 the landlord was required to maintain the premises in a fit and habitable condition. The magistrate found that the provision holding the tenant liable for repairs prevented the tenant from challenging the assessed cost. As a result, the magistrate concluded the provision seeking to automatically asses the tenants for the repair of the door abdicated the landlord's responsibilities, evaded the landlord's obligations, and therefore was unconscionable and unenforceable. As a result of her ruling on the door issue, the magistrate found the landlord could not lawfully withhold $40 per month, or $400 total, in penalties arising from nonpayment of the door repair from the rental deposit.

The magistrate next considered whether the tenant was entitled to punitive damages for bad-faith retention of the rental deposit and an award of two months' rent for willfully using provisions in its rental agreement that violated the IURLTA. The magistrate awarded the tenants $200 for bad-faith retention of the rental deposit. The magistrate further found the landlord willfully used a rental agreement that contained two provisions known by the landlord to be prohibited under Iowa Code section 562A.11. As a result, the tenant was awarded an additional two months' rent in the amount of $2770. In addition to the total of $3874.33 awarded to the tenant, the magistrate awarded attorneys' fees in the amount of $1200 for attorney Christine Boyer and $2400 for attorney Christopher Warnock.

The landlord appealed the small claims judgment to the district court. The district court first addressed issues related to the award of attorneys' fees by the magistrate. The district court determined the

amount of attorneys' fees needed to be reduced to keep the total award within the $5000 jurisdictional limit for small claims. The district court then affirmed the magistrate's conclusion that the provisions of the lease related to the repair of the door and the automatic carpet cleaning violated Iowa Code section 562A.12(3).

The district court determined these provisions deprived the tenant of the opportunity to require the landlord to show, by a preponderance of the evidence, that the charges were necessary to restore the dwelling unit to its condition at the commencement of the tenancy and were not the result of ordinary wear and tear. As a result, the district court determined that paragraph 37(e) of the lease imposing an automatic carpet-cleaning charge was illegal. The district court further credited the factual findings of the magistrate that the apartment was clean at the conclusion of the lease.

The district court also found that paragraph 33(a) of the lease, which shifted the cost of the door repair to the tenant, was unlawful. First, the district court noted that the magistrate "was in the best position to consider the credibility of witnesses at the time of trial" and that the district court gives deference to magistrates' credibility determinations. The magistrate, the district court concluded,

> clearly did not find credible the testimony offered by [Apartments Downtown] regarding the requirement that [Apartments Downtown] show the fees they assessed for cleaning were based on actual damage to the apartment. This includes [Apartments Downtown's] claim that there was damage to the bathroom door.

Moreover, even if there was some question as to whether the bathroom door was damaged, the cost-shifting provision was prohibited. According to the district court, this provision was prohibited because Apartments Downtown was "not required to show actual damage before seeking

payment from the tenant." The district court concluded "[t]here [was] not sufficient evidence in the record to show that actual damage was sustained by [Apartments Downtown] based on the claimed damage to the door."

The district court further found the landlord willfully used a rental agreement containing provisions known by the landlord to be prohibited in violation of Iowa Code section 562A.11(2). The district court noted there was evidence that the landlord was familiar with the IURLTA and specifically Iowa Code section 562A.11. The district court thus concluded the magistrate's assessment of two months' rent due to willful use in the rental agreement of provisions prohibited by the IURLTA should be upheld on appeal.

The district court also affirmed the magistrate on the question of bad-faith retention of the rental deposit under Iowa Code section 562A.12(7). The district court concluded, at a minimum, that there was a bad-faith retention based on the inclusion of an automatic carpet-cleaning fee provision in the lease. The district court also found there was bad faith in the defendant's assertion that the apartment was not sufficiently cleaned when it was vacated.

On appeal, the landlord challenges several aspects of the district court judgment. First, the landlord claims that the district court judgment should be reversed because the small claims court lost jurisdiction when it awarded attorneys' fees and damages that exceeded the small claims court's monetary limit of $5000. Second, the landlord asserts there was no evidence that the landlord had actual knowledge any provision of the lease was prohibited under the IURLTA. Third, the landlord asserts the provision of its lease that related to door repair was not prohibited because it was agreed upon by the parties and addresses

only payment for repairs, not the obligation to make repairs. Fourth, the landlord claims the carpet-cleaning provision was not prohibited because it was agreed upon by the parties and because it benefits tenants by ensuring carpets are cleaned at the start of the tenancy. Finally, the landlord asserts the district court erred by upholding the $200 award for bad-faith retention of the rental deposit.

The tenant cross-appealed, claiming the district court erred by reducing the amount of attorneys' fees awarded by the magistrate to bring the total award in the case within the $5000 subject matter jurisdiction of the small claims court. The tenant argues that attorneys' fees are costs that are not included in the calculation of the amount in controversy for purposes of small claims jurisdiction.

**II. Standard of Review.**

"In a discretionary review of a small claims decision, the nature of the case determines the standard of review." *GE Money Bank v. Morales*, 773 N.W.2d 533, 536 (Iowa 2009). Our review of small claims actions tried at law is for corrections of errors at law. *Midwest Check Cashing, Inc. v. Richey*, 728 N.W.2d 396, 399 (Iowa 2007). "A review of statutory construction is at law." *GE Money Bank*, 773 N.W.2d at 536. The district court's factual findings, however, are binding upon the court if supported by substantial evidence. *Barnhill v. Iowa Dist. Ct.*, 765 N.W.2d 267, 272 (Iowa 2009).

**III. Discussion.**

**A. Small Claims Jurisdiction.** We first address the questions the parties present to us regarding the relationship between attorneys' fees awarded under the IURLTA and the small claims jurisdictional limit of $5000. We considered a similar attorneys' fees issue in *De Stefano*, ___ N.W.2d at ___, concluding that attorneys' fees are not included for

purposes of determining whether the award exceeds the $5000 jurisdictional threshold of small claims court. *Id.* at \_\_\_. Our holding in *De Stefano* is dispositive on the issue. As a result, we reject the landlord's argument that the small claims court lost jurisdiction when it awarded attorneys' fees which, when combined with damages under the IURLTA, exceeded the $5000 jurisdictional limit for small claims. We therefore reverse the district court on this issue and remand the case to the district court to determine the appropriate amount of appellate attorneys' fees in this case.

**B. Legality of Automatic Cleaning Deposit.** In *De Stefano*, we considered the legality under the IURLTA of an automatic cleaning charge identical to the provision in this lease. In *De Stefano*, we noted that Iowa Code section 562A.12(3) authorizes only three grounds for withholding amounts from the rental deposit. *Id.* at \_\_\_. We noted the problem with an automatic carpet-cleaning provision is that it generates a deduction from the rental deposit even if none of the conditions of Iowa Code section 562A.12(3) are met. *Id.* at \_\_\_. We emphasized that a rental deposit is not designed to serve as an advance payment of amounts that will always be due under the lease. *Id.* at \_\_\_.

As with the attorneys' fee issue, our holding in *De Stefano* is dispositive of the question of whether the automatic cleaning charge is unlawful under the IURLTA. We affirm the district court on this issue.

**C. Legality of the Door-Repair Provision.** In this case, with respect to the door-repair issue, the magistrate held that

> [Iowa Code] Section 562A.15 requires the landlord, not the tenant to maintain fit premises, including making all repairs and doing whatever is necessary to put and keep the premises in a fit and habitable condition. The written provision that the tenant is liable for "repairs" removes the

obligation of the landlord to maintain fit premises and assesses the cost of upkeep of the premises to the tenant.

The district court affirmed the trial court. It noted that

the clause in the lease requiring the tenants in this case to pay for the allegedly damaged door is illegal. Under the terms of the lease, [the landlord] is not required to show actual damage before seeking payment from the tenant for repair of items such as doors. There is not sufficient evidence in the record to show that actual damage was sustained by [the landlord] based on the claimed damage to the door.

The landlord first contends that the door-repair provision of paragraph 33(a) of the lease is not unlawful as found by the district court for a narrow reason. The landlord argues that Iowa Code section 562A.9(1) generally authorizes a landlord to enter into a rental agreement with a tenant including any terms and conditions not prohibited by the statute or other rule of law. The landlord argues that the statute prohibits only a few narrow categories. *See* Iowa Code § 562A.11(1)(*a*)–(*d*).

The landlord recognizes, and for purposes of the appeal accepts, that it has statutory responsibilities under Iowa Code section 562A.15. This Code provision includes the duty of the landlord to maintain the premises in a fit and habitable condition. *Id.* § 562A.15(1)(*b*). The landlord does not claim that the repair of the door in this case does not implicate the duty to maintain the premises in a fit and habitable condition. The landlord instead only argues that the duty to maintain the premises in a fit and habitable condition simply means that the landlord has a duty to make sure that necessary repairs are made. Under the landlord's theory of Iowa Code section 562A.15(1)(*b*), the landlord had a duty to make the repairs, but may shift the financial responsibility of those repairs to the tenant in a lease agreement.

In addition to this narrow legal point, the landlord on appeal questions the factual findings of the district court. According to the landlord, the evidence overwhelmingly showed that the door had been damaged by someone in the Caruso's apartment and needed repair. Apartments Downtown argues even if it failed in its factual presentation to the trial court, that does not mean the repair provision of paragraph 33(a), which required the tenant to pay for the cost of damage to the door, is illegal, but only that it does not apply under the facts and circumstances of this case.

The tenant first responds that she testified the door was not damaged and offered photographs supporting her position. Further, the tenant notes that this court should be deferential to the factual findings below. *See State v. Carter*, 696 N.W.2d 31, 36 (Iowa 2005). On legal issues, the tenant, like the landlord, points to Iowa Code section 562A.15 as making landlords responsible for repair and maintenance. Like the landlord, the tenant assumes that repair of the door was required under Iowa Code section 562A.15. The tenant argues, however, that the landlord does not discharge its statutory duty by performing the repair and shifting the cost onto the tenant.

The tenant concedes, however, that under Iowa Code section 562A.17(6), a tenant has a duty to "[n]ot deliberately or negligently destroy, deface, damage, impair or remove a part of the premises or knowingly permit a person to do so." But in order for such costs to be withheld from the rental deposit, the tenant cites *Mastland, Inc. v. Evans Furniture, Inc.*, for the proposition that the landlord may keep the rental deposit only "if the damages beyond ordinary wear and tear result from the deliberate or negligent acts of the tenant, or the tenant knowingly permits such acts." 498 N.W.2d 682, 687 (Iowa 1993). According to the

tenant, the repair provision in the rental agreement makes the tenant responsible for all repairs, no matter what the cause.

Based on the issue as framed by the parties, the landlord cannot prevail. In *De Stefano*, we concluded that a landlord cannot shift the financial costs of repairs necessary to comply with its duty of fitness and habitability under Iowa Code section 562A.15 to the tenant. ___ N.W.2d at ___. In this appeal, the landlord does not claim that the door repair is outside the scope of its mandatory statutory duty. We take no view on the question of whether a landlord could shift the cost of a repair or damage through its lease that was not within the scope of the landlord's duty imposed by Iowa Code section 562A.15.

In any event, we note the district court also found that "[t]here is not sufficient evidence in the record to show that actual damage was sustained by [the landlord] based on the claimed damage to the door." Although not artfully phrased, the district court in effect, in its de novo review of the record, concluded the landlord had failed to sustain its claim for damages to the door based on the record developed by the parties. *Sunset Mobile Home Park v. Parsons*, 324 N.W.2d 452, 454 (Iowa 1982) (analyzing the district court's de novo review on the record established in small claims proceeding). In light of the testimony of the tenant that she and her cotenants were unaware of any damage to the door other than a slight coming or pulling apart, we conclude that the district court's factual determination is supported by substantial evidence.

**D. Willfully Using a Lease Provision Prohibited by the IURLTA.**

1. *Introduction.* In this case, the district court determined the landlord willfully used provisions in its lease that the landlord knew to be prohibited under the IURLTA. As the above discussion demonstrates, we

agree with the district court that the two provisions of the lease at issue were in fact prohibited. The question remains, however, whether on the record developed before the magistrate and reviewed by the district court, the tenant met its burden to show that the landlord willfully used "a rental agreement containing provisions *known* by the landlord to be prohibited." Iowa Code § 562A.11(2) (emphasis added). In order to answer this question, we must first decide what legal standard to apply. Once we determine what that legal standard is, we must then canvass the facts to determine whether the district court's determination is supported by substantial evidence.

2. *Legal standard for willfully using a lease provision known by the landlord to be prohibited.* Iowa Code section 562A.11(2) prohibits a landlord from "willfully us[ing] a rental agreement containing provisions known by the landlord to be prohibited" under the IURLTA. The landlord argues this language establishes a requirement of actual, subjective knowledge on the part of the landlord that the specifically challenged lease provisions are prohibited. The tenant does not disagree, but asserts that circumstantial evidence in the record is sufficient to support a factual finding that the landlord actually knew the automatic carpet-cleaning and repair-deduction provisions of the lease violated the rental-deposit provisions of Iowa Code section 562A.12(3).

There is little doubt that the use of the term "known" in the statute requires actual knowledge. *State v. Leckington*, 713 N.W.2d 208, 214 (Iowa 2006). Actual knowledge may be established by direct proof, of course, but it also may be established by circumstantial evidence sufficient to infer the person's mental state. *State v. Lewis*, 514 N.W.2d 63, 66 (Iowa 1994). In order to prove actual knowledge through circumstantial evidence, however, the evidence must be sufficient to

draw a conclusion that a reasonable person simply could not have known otherwise. *Wold v. Lacey*, 182 N.W.2d 130, 132 (Iowa 1970). Actual knowledge thus can be established by circumstantial evidence only in rare cases. *Id.*

3. *Application of legal standard to facts of this case.* The record contains no direct evidence that the landlord had actual knowledge that paragraphs 33(a) and 37(e) violated Iowa Code section 562A.12(3). Instead, the record at best contains circumstantial evidence. Joseph Clark, a landlord representative, testified that he was familiar "for the most part" with the IURLTA and that he was familiar with the nonwaiver provisions of Iowa Code section 562A.11. He was not asked, however, whether he knew that the automatic carpet-cleaning or repair-deduction provisions violated the rental-deposit protection provisions of the IURLTA. There was evidence that an attorney drafted the lease, thereby at least implying some reliance on counsel to ensure the provisions of the lease were lawful.

Until *De Stefano*, there has been no authoritative Iowa court case on the validity under the IURLTA of automatic deductions from rental deposits such as those in this case. In *De Stefano*, we noted there was some authority from at least one other jurisdiction sustaining an automatic carpet-cleaning deduction from what appeared to be a rental deposit. ___ N.W.2d at ____ (citing *Shaeffer v. Murphy*, 640 P.2d 857 (Ariz. 1982)). We noted in *De Stefano* that rent is broadly defined under the IURLTA to include "a payment to be made to the landlord under the rental agreement," *id.* at ___ (quoting Iowa Code § 562A.6(9)), and that rent could be deducted from rental deposits under Iowa Code section 562A.12(3)(*a*)–(*c*), *id.* at ____. There is no evidence in the record that the landlord ever considered whether the automatic carpet-cleaning or

repair-deduction provisions conflicted with the procedural requirements of Iowa Code section 562A.12(3).

The tenant argues that the landlord is sophisticated and must have known the automatic deductions from the rental deposit violated Iowa Code section 562A.12(3). The record developed in the small claims court on the level of sophistication of the landlord is limited. The nature of the lease documents, the existence of multiple employees to tend to the landlord's business, and the use of counsel to draft the lease documents certainly suggest that the landlord is not an amateur.

Yet, actual knowledge is a very high standard. On the record in this case we do not think there is substantial evidence to support a finding of actual knowledge that the automatic repair-deduction and carpet-cleaning provisions of the lease violated Iowa Code section 562A.12(3) beyond speculation that the landlord, as a sophisticated party, must have known the provisions were illegal. *See Barbour–Amir v. Comcast of Ga./Va.*, 772 S.E.2d 231, 234 (Ga. Ct. App. 2009) (holding actual knowledge cannot be based on speculation and conjecture). We reverse that portion of the district court decision finding willful use of provisions "known by the landlord" to be prohibited under the IURTLA. We therefore vacate the district court's award of two months' rent under Iowa Code section 562A.11(2).

In the future, of course, landlords will face a different environment if automatic deductions similar to those contained in the lease are utilized. We have now unambiguously held in *De Stefano* and in this case that such lease provisions violate Iowa Code section 562A.12(3). The existence of our precedent alone, however, will not prove actual knowledge of illegality in a future case, but it will be a circumstance to be considered by the fact finder in making that determination.

**E. Bad-Faith Retention of Rental Deposit.** Iowa Code section 562A.12(7) provides that the bad-faith retention of a deposit by a landlord shall "subject the landlord to punitive damages not to exceed two hundred dollars in addition to actual damages." The burden of showing bad-faith withholding of a security deposit rests with the tenant. *Lewis v. Jaeger*, 818 N.W.2d 165, 187 (Iowa 2012).

In this case, the district court determined the landlord violated Iowa Code section 562A.12(7) by withholding the security deposit in bad faith. The district court's determination was based upon the district court's view that the automatic cleaning provision was unlawful and that, in fact, the premises in this case were very clean and in pristine condition at the close of the term of the lease.

In *De Stefano*, we considered whether the imposition of an automatic carpet-cleaning charge amounted to bad faith under Iowa Code section 562A.12(7). We emphasized that Apartments Downtown's position shows a basic misunderstanding of the nature of a security deposit under the IURLTA. *De Stefano*, ___ N.W.2d at ___. Nonetheless, we concluded that the proper standard for determining bad faith under Iowa Code chapter 562A.12(7) is "dishonesty in fact." *Id.* at ___. As discussed in *De Stefano*, bad faith thus requires actual, subjective dishonesty. *Id.* at ___.

We think there is not substantial evidence in the record to support a conclusion that the landlord acted with dishonesty in fact by including the unlawful provisions in the form leases utilized in this case. Although it is not clear that the district court or the magistrate utilized the correct legal standard for bad faith, a remand is not necessary as we conclude as

a matter of law that the evidence is insufficient to support a penalty based upon this theory.

The district court and the magistrate, however, relied on a second rationale for its bad-faith finding, namely, that the apartment was in fact in clean, if not pristine, condition at the close of the lease. While the district court characterized the landlord's actions as being in bad faith, it is not clear what standard the district court employed in making that determination. Did the district court regard the landlord's position as dishonest in fact with totally contrived evidence, or merely mistaken? Based on our review of the record, we think this question is in a different posture than the bad-faith theory based upon the use of illegal contract terms. Before we review the question, we need more precise fact-finding by the district court using the proper standard of bad faith. Therefore, we remand the case to the district court to determine whether the tenant was entitled to a statutory penalty under Iowa Code section 562A.12(7) of $200 on the theory that the landlord's factual defense at the hearing was dishonest in fact, thereby entitling the tenant to the punitive damages penalty under the statute.

## IV. Conclusion.

For all of the above reasons, the decision of the district court on the appellant's appeal is affirmed in part and reversed in part. On the appellee cross-appeal, the decision of the district court is reversed and the case remanded to the district court for further proceedings to apply the dishonesty-in-fact bad-faith standard to determine whether the tenant is entitled to $200 penalty under Iowa Code section 562A.12(7). The case is also remanded for a determination of the proper amount of attorneys' fees, including appellate attorneys' fees, to be awarded under

the IURLTA. Costs are assessed seventy-five percent to Apartments Downtown and twenty-five percent to Caruso.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

All justices concur except Mansfield, Waterman, and Zager, JJ., who concur in part and dissent in part.

#14–1783, *Caruso v. Apts. Downtown*

**MANSFIELD, Justice (concurring in part and dissenting in part).**

I agree with Parts III.B, D, and E of the court's opinion. I dissent from Part III.A for the reasons stated in my concurrence in part and dissent in part in *De Stefano v. Apts. Downtown, Inc.*, ___ N.W.2d ___, ___ (Iowa 2016) (Mansfield, J., concurring in part and dissenting in part). I also dissent from Part III.C for the following reasons.

In this case, the tenants occupied the apartment from August 5, 2010, to July 30, 2012. The lease here, like the lease in *De Stefano*, required the tenants to pay for damage to doors unless the landlord was at fault. Midway through the tenancy, in July 2011, the landlord conducted a routine maintenance inspection and found that an interior bathroom door was coming apart, allegedly because it had been kicked. The landlord replaced the door and charged the tenants $199.33. The tenants objected to the charge. The landlord provided a photograph showing the damage. The dispute was never resolved, and the cost of the door plus late fees was ultimately deducted from the tenants' security deposit when they moved out a year later.

At trial there was conflicting testimony as to whether this bathroom door had been damaged. The tenants said one thing; the landlord's representatives said another. The small claims court found it unnecessary to resolve that dispute. It determined the deduction from the security deposit was improper in any event because

> [t]he evidence presented by Defendant Apartments Downtown, Inc. regarding the damage to the bathroom door, was insufficient to prove that the problems with the door, if any, were caused by the Plaintiff, another tenant, or a guest or visitor of the Plaintiff or other tenants.

It also found that the lease improperly required "the tenant to make all repairs to all doors, no matter what the cause."

These portions of the small claims court's ruling were quoted verbatim in the district court's ruling. However, the district court went further. It added that "[the small claims court] also clearly did not find credible the testimony offered by Defendants . . . . that there was damage to the bathroom door." Thus, the district court stated, "There is not sufficient evidence in the record to show that actual damage was sustained by Defendant based on the claimed damage to the door."

I disagree with the small claims court's interpretations of the lease and landlord–tenant law, as described above. Read in context, the lease does *not* impose strict liability on tenants for all door repairs, regardless of the reason for the repair, nor did the landlord ever argue for that interpretation. Paragraph 30 makes the tenants responsible for "all damages" to the apartment doors, "including random acts of vandalism." Paragraph 33(a) makes the tenants responsible for "the cost of all damages/repairs" to doors, "regardless of whether such damage is caused by residents, guests or others," but not if the landlord was "negligent." Under a plain reading of these provisions, I think the tenants are responsible only for "damages"—e.g., a door that breaks because it is kicked—not for ordinary wear and tear or deterioration due to the passage of time. True, the word "repairs" is used once, but only when joined to the word "damages," in a sentence that refers again later to "damages." So, I do not think the lease requires the tenants to replace a door that simply wears out without being *damaged* by anybody.

Under the Iowa Uniform Residential Landlord and Tenant Act (IURLTA), a tenant can be required to bear the cost of interior door damage that occurs during the tenancy, even if it is unclear who inflicted

the damage. Unlike the exterior door in *De Stefano*, this is not a question of habitability. Therefore, I do not believe Iowa Code section 562A.15 (2011) even applies. Rather, the relevant provision is section 562A.9, which allows the landlord and tenant to "include in a rental agreement, terms and conditions not prohibited by this chapter or other rule of law." Iowa Code § 562A.9(1). It is certainly reasonable, in my view, for a tenant to be required to pay for the wrecking of an interior door during the lease term, without requiring the landlord to prove *who* wrecked the door.

The majority nonetheless affirms the tenant's recovery of the door-repair charges here for two reasons. First, it faults the landlord for making only the broader argument that it could charge the door-repair costs to the tenants whether the issue was one of habitability or not, i.e., the argument the court rejects today in *De Stefano*. In the majority's view, to preserve error, the landlord *also* needed to make the narrower argument that it could charge the door-repair costs in this case because there was no issue of habitability. My colleagues have a point, but the landlord did not have the benefit of *De Stefano* until now. In deciding appeals, we often do not accept an appellant's argument in its entirety, but only under terms we set forth in our decision. *See State v. Iowa Dist. Ct.*, 828 N.W.2d 607, 617 n.7 (Iowa 2013). I would follow that approach here.

In addition, the majority upholds the district court's factual finding that the landlord did not prove actual damage to the door. I agree that the district court's factual findings based upon its review of the small claims record should be upheld if supported by substantial evidence. *See Hyde v. Anania*, 578 N.W.2d 647, 648 (Iowa 1998) ("If the [small claims] action is a law case, we review the district judge's ruling on

error.").  However, in this case, the district court appears not so much to have made a finding as to have misread what the small claims court actually did.  Contrary to the district court's statement, the small claims court did *not* determine there was insufficient credible evidence of door damage; rather, it declined to address the issue because it did not need to.  Thus, it remains an open question for me whether the bathroom door was, in fact, damaged as alleged by the landlord.  I would remand for a determination of that issue.

For the foregoing reasons, I concur in part and dissent in part.

Waterman and Zager, JJ., join this concurrence in part and dissent in part.