# IN THE SUPREME COURT OF IOWA

No. 07–1278

Filed February 27, 2009

**JASON BANKS,**

Appellant,

vs.

**SUSAN BECKWITH, M.D.**
and **THE IOWA CLINIC, P.C.,**

Appellee.

_____

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Polk County, Karen A. Romano, Judge.

Plaintiff appeals the district court's ruling refusing to instruct the jury on the theory of res ipsa loquitur. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND REMANDED.**

Thomas P. Slater of Slater and Norris, P.L.C., West Des Moines, for appellant.

Michael H. Figenshaw and Thomas M. Boes of Bradshaw, Fowler, Proctor & Fairgrave, P.C., for appellee.

**BAKER, Justice.**

In this medical malpractice case, the plaintiff, Jason Banks, appeals the district court's ruling refusing to instruct the jury on the doctrine of res ipsa loquitur. Banks contends there was substantial evidence presented at trial that a catheter inserted in his chest by the defendant, Dr. Susan Beckwith, would not have fractured in the ordinary course of events if Beckwith had used reasonable care, and therefore, the district court should have instructed the jury on res ipsa loquitur. We transferred this case to the court of appeals, which held that the district court did not err in refusing the instruction. We granted Banks' application for further review. We find that the district court erred in refusing to give the res ipsa loquitur instruction, as Banks introduced substantial evidence that the fracture of a catheter does not happen in the ordinary course of events without negligence. The refusal to allow the instruction was prejudicial to Banks, and, therefore, we reverse the decision of the district court and remand the case for a new trial.

### I. Background Facts and Prior Proceedings.

Beckwith surgically inserted an Infus-A-Port catheter in Banks for the purpose of delivering chemotherapy to his body. Beckwith performed the operation by placing Banks under general anesthesia, making an incision to the upper left chest area below the clavicle, then using a guide wire to thread the catheter into the subclavian vein toward the heart. The proper placement of such a catheter is inside the subclavian vein as it passes through the costoclavicular space (the tight area between the clavicle and the first rib). Proper placement inside the subclavian vein as it passes through the costoclavicular space protects the catheter from excessive compression in that space, which could cause the catheter to fracture, break-off, and migrate to the heart.

It was later discovered that Banks' catheter had fractured, and a piece of it had migrated to Banks' heart. Banks underwent open-heart surgery to remove the fractured piece. The catheter was returned to the manufacturer for testing to determine the cause of the fracture. The manufacturer determined that the catheter was not defective, as the fractured catheter had a rough irregular edge that is "most commonly" the result of compressive forces associated with improper placement.

Banks filed a lawsuit against Dr. Beckwith and her employer, the Iowa Clinic, P.C., alleging that Beckwith was negligent in improperly implanting the catheter in his vein. The petition stated that Banks intended to rely upon the doctrine of res ipsa loquitur to prove his claim.

A jury trial commenced on June 11, 2007. At trial, Banks presented expert witness, Dr. DeSantis. On direct examination, DeSantis testified that a catheter does not fracture if properly placed in the subclavian vein and that the failure to do so is below the accepted standard of practice. Banks could not present any direct evidence that Beckwith had actually improperly placed the catheter. The defendants' expert testified that a catheter could fracture even when it was placed properly in the vein.

At the conclusion of the trial, Banks requested that the court instruct the jury on the doctrine of res ipsa loquitur. The trial court determined that the res ipsa loquitur instruction was not warranted stating, "I think all the evidence in the record is that the fracture of the catheter is a rare occurrence . . . just because it's rare doesn't mean that we get to the point of the general negligence res ipsa instruction." The case was submitted to the jury only on the issue of the specified negligence of the defendants. The jury found the defendants were not at fault, and judgment was entered in favor of defendants. Banks appealed

the trial court's ruling, alleging that the district court erred in failing to instruct the jury on the theory of res ipsa loquitur.

## II. Scope of Review.

The standard of review concerning alleged error with respect to jury instructions is for correction of errors at law. Iowa R. App. P. 4; *Weyerhaeuser Co. v. Thermogas Co.*, 620 N.W.2d 819, 823–24 (Iowa 2000). In a previous case concerning the court's failure to instruct the jury on the doctrine of res ipsa loquitur, we stated:

> The district court must give a requested jury instruction if the instruction (1) correctly states the law, (2) has application to the case, and (3) is not stated elsewhere in the instructions. . . . When we weigh the sufficiency of the evidence to support a requested instruction, we review the evidence in the light most favorable to the party seeking the instruction. A district court's failure to give a requested instruction does not require a reversal unless the failure results in prejudice to the party requesting the instruction.

*Id.* (citing *Beyer v. Todd*, 601 N.W.2d 35, 38 (Iowa 1999) (other citations omitted)).

## III. Discussion and Analysis.

Res ipsa loquitur is Latin for "the thing speaks for itself." *Conner v. Menard, Inc.*, 705 N.W.2d 318, 320 (Iowa 2005). It is a type of circumstantial evidence which allows the jury to "infer the cause of the injury 'from the naked fact of injury, and then to superadd the further inference that this inferred cause proceeded from negligence.'" *Id.* (quoting *Benedick v. Potts*, 40 A. 1067, 1069 (Md. 1898)).

In 1940, Iowa became one of the first jurisdictions to hold the doctrine of res ipsa loquitur applicable in medical malpractice cases. *Whetstine v. Moravec*, 228 Iowa 352, 382, 291 N.W. 425, 439 (1940). We consider the doctrine to be a rule of evidence, not one of pleading or

substantive law. *Wick v. Henderson*, 485 N.W.2d 645, 648 (Iowa 1992) (citing *Wiles v. Myerly*, 210 N.W.2d 619, 624 (Iowa 1973)).

To submit a case on the theory of res ipsa loquitur, the plaintiff must introduce substantial evidence that: (1) the injury was caused by an instrumentality under the exclusive control and management of the defendant, and (2) that the occurrence causing the injury is of such a type that in the ordinary course of things would not have happened if reasonable care had been used. *Brewster v. United States*, 542 N.W.2d 524, 529 (Iowa 1996). " 'If there is substantial evidence to support both elements, the happening of the injury permits—but does not compel—an inference that the defendant was negligent.' " *Id.* (quoting *Mastland, Inc. v. Evans Furniture, Inc.*, 498 N.W.2d 682, 686 (Iowa 1993)).

When the doctrine of res ipsa loquitur is used in a medical malpractice case,

> the plaintiff is relieved of the burden of showing that specific acts of defendant were below accepted medical standards. The plaintiff still must prove negligence, but he or she does so by convincing the jury the injury would not have occurred absent some unspecified but impliedly negligent act.

*Sammons v. Smith*, 353 N.W.2d 380, 385 (Iowa 1984).

Banks alleges that the trial court erred in failing to give his requested instruction on res ipsa loquitur. His expert, Dr. DeSantis, testified:

> When the catheter is in the vein . . . there is very little chance of it being fractured. It is when the catheter is not located in the vein that there is a problem. . . . And my opinion is that it would not have fractured if it were properly placed in the vein. . . . [I]t's not an anatomic possibility if it were inside the vein.

DeSantis further testified that there is "[a]s close to no chance as one can get without saying no [chance]" that a catheter does not fracture when

properly placed. Banks asserts that this testimony constitutes substantial evidence of the second prerequisite for submission of res ipsa. He also claims that the court gave undue consideration to the catheter manufacturer's instruction book which included a warning that fracture was a possible complication, and it was for the jury to determine what weight to give this evidence, not the court. Banks contends that a plaintiff is not required to show with absolute certainty that the defendant's negligence caused the injury, and that to require such evidence would eviscerate the res ipsa loquitur doctrine.

The issue for the trial court is whether there is sufficient competent evidence of the existence of the foundational facts to generate a jury question. " 'Evidence is substantial if a reasonable mind could accept it as adequate to reach the same findings.' " *Brewster*, 542 N.W.2d at 529 (quoting *Mastland*, 498 N.W2d at 684).

The defendants contend that the trial court was correct in refusing to give the res ipsa loquitur jury instruction. They claim that the evidence shows that a catheter may fracture, in the ordinary course of events, even if it is properly inserted. They allege that DeSantis' testimony is nothing more than evidence that the occurrence is rare, and "[r]arity of the occurrence is not a sufficient predicate for application of res ipsa loquitur." *Perin v. Hayne*, 210 N.W.2d 609, 615 (Iowa 1973). Defendants also point out that the catheter instruction book contained a listing of complications, which included "Catheter Occlusion, Damage, or Breakage due to Compression between the Clavicle and the First Rib." In light of this evidence, the defendants contend that Banks did not meet his burden of proving that catheters do not fracture in the ordinary of course events without negligence, and therefore, the trial court was correct in refusing to give the res ipsa loquitur instruction.

During cross-examination, when asked if there was no chance that a catheter could fracture inside a vein, DeSantis answered, "Well, as little chance as – as close as you can get to no. . . . I have been in medicine long enough to know that nothing is impossible." This statement is not the functional equivalent of admitting that catheter fracture is rare; this is just a doctor giving an honest answer that in medicine it is his belief that there are no absolutes. We have previously voiced this sentiment, stating, "[m]edicine is not a field of absolutes." *Estate of Smith v. Lerner*, 387 N.W.2d 576, 581 (Iowa 1986).

A reasonable mind could accept DeSantis' testimony as adequate to reach the conclusion that a catheter does not fracture if it is placed inside the vein, and therefore, does not fracture in the absence of negligence. In res ipsa loquitur cases,

> a plaintiff is not required to eliminate with certainty all other possible causes or inferences. The plaintiff need only produce evidence from which a reasonable person could say that on the whole it is more likely than not that there was negligence associated with the cause of the event.

*Brewster*, 542 N.W.2d at 530. Although the defendants introduced testimony from an expert that a catheter may fracture even if properly inserted and evidence that the catheter instruction book listed breakage as a possible complication, Banks was not required to refute any other possibilities for the breakage. He was only required to provide substantial evidence that it was more likely than not negligence was the cause of the event. He met this burden.

In its refusal to allow the res ipsa loquitur instruction, the district court stated that the plaintiff's evidence proved only that fracture of a catheter was a rare occurrence, and this fact was not enough to warrant the instruction. The district court appears to have misapplied the

definition of rarity and weighed the evidence. This is not a rarity case. DeSantis did not testify that fracturing of the catheter is an inherent risk of inserting a catheter in the subclavian vein or that fractures are, on rare occasions, not the result of negligence. Rather, his testimony provides substantial evidence from which a reasonable person could conclude that catheter fractures do not occur without negligent insertion of the catheter outside the subclavian vein.

In *Perin,* this court adopted the reasoning of the California courts that,

> "[w]here risks are inherent in an operation and an injury of a type which is rare does occur, the [res ipsa] doctrine should not be applicable unless it can be said that, in the light of past experience, such an occurrence is more likely the result of negligence than some cause for which the defendant is not responsible."

*Perin,* 210 N.W.2d at 615 (quoting *Siverson v. Weber,* 372 P.2d 97, 99–100 (Ca. 1962)). Thus, a rarity case involves risks that are inherent in an operation and in the past have proven not to be the result of negligence. We have had several medical malpractice cases in which we found substantial evidence that the event complained of was a rare occurrence and not the result of negligence. In *Perin,* we held that the expert testimony demonstrated that vocal cord paralysis was an inherent risk of cervical fusion surgery. *Id.* In *Tappe v. Iowa Methodist Medical Center,* 477 N.W.2d 396, 396 (Iowa 1991), all the experts testified, and the court agreed, that stroke was an inherent risk in a fixed percentage of all bypass surgeries even in the absence of negligence. In *Cronin v. Hagan,* 221 N.W.2d 748, 753 (Iowa 1974), the medical evidence demonstrated that necrosis of the ureter was an inherent risk of a hysterectomy. In each of these cases, the court relied upon the evidence

or lack of evidence presented by the plaintiffs in determining that the event complained of was a rare occurrence.

In *Tappe*, this court stated that "if reasonable minds might differ about whether the injury could result from surgery in the absence of negligence, the court should instruct on res ipsa and allow the jury to accept or reject the inference that the doctrine affords." *Tappe*, 477 N.W.2d at 400–01.

Banks introduced substantial evidence to generate a jury question on the second element of the res ipsa loquitur doctrine. The court, however, appears to have weighed the testimony of DeSantis against the evidence offered by defendants that fracture was an inherent risk of the procedure. It is not the role of the court to weigh the evidence. The plaintiff, having submitted competent evidence of the two elements, was entitled to have res ipsa loquitur submitted to the jury. The district court should have instructed the jury on the theory of res ipsa loquitur. The defendant, however, may introduce competent evidence tending to disprove either or both foundational elements. *Sammons*, 353 N.W.2d at 387. The fact that the defendant submitted evidence tending to disprove this foundational element is not sufficient to take away from the plaintiff the benefit of the doctrine of res ipsa loquitur. *Wiles*, 210 N.W.2d at 627.

The refusal to submit the res ipsa loquitur instruction was prejudicial to Banks. Because he could provide no evidence of specific negligence by defendants, without the instruction, he had no means of proving fault. A new trial of Banks' general negligence claim is required to allow the jury to apply res ipsa loquitur to the facts of this case. *Clinkscales v. Nelson Securities, Inc.*, 697 N.W.2d 836, 847–48 (Iowa 2005).

**IV. Disposition.**

We hold that the district court erred in refusing to give the res ipsa loquitur instruction because Banks introduced substantial evidence that fracture of a catheter does not happen in the ordinary course of events without negligence. The refusal to allow the instruction was prejudicial to Banks, and, therefore, we vacate the decision of the court of appeals, reverse the decision of the district court, and remand the case for a new trial for the application of res ipsa loquitur.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND REMANDED.**