# IN THE COURT OF APPEALS OF IOWA

No. 24-1710
Filed December 3, 2025

**LEANN PUTZ,**
Plaintiff-Appellant,

**vs.**

**STATE OF IOWA d/b/a UNIVERSITY OF IOWA HEALTH SYSTEM,**
Defendant-Appellee.
_____

Appeal from the Iowa District Court for Johnson County, Ian K. Thornhill,

Judge.

Plaintiff appeals the dismissal of her petition for medical malpractice for

failure to file a certificate of merit pursuant to Iowa Code section 147.140 (2024).

**AFFIRMED**.

Erin E. Jordan (argued) and Katie M. Naset of Hope Law Firm & Associates,

P.C., West Des Moines, for appellant.

Carolyn Russell Wallace (argued) and Jessica Tucker Glick of Phelan

Tucker Law L.L.P., Iowa City, for appellee.

Heard at oral argument by Greer, P.J., and Schumacher and Ahlers, JJ.

**GREER, Presiding Judge.**

Not everything can speak for itself, especially when a layperson could not have knowledge of whether proper surgical treatment was given without expert testimony. After Leann Putz underwent vaginal hysterectomy surgery, she experienced numbness in her foot and loss of motor function. She claims these ailments stem from her surgery and they have negatively impacted her ability to maintain an active lifestyle. Putz brought a lawsuit against the State of Iowa and the University of Iowa Health System (collectively, State),[1] arguing medical malpractice because: Count I—the State failed to ensure surgical positioning, operate in a way that would not cause permanent injury, and exercise ordinary care and skill in the treatment of her; and Count II—there was a lack of informed consent. The State moved to dismiss all claims. The district court granted the motion to dismiss because her claims required expert testimony and the timely filing of a certificate of merit. Putz appeals.[2] We affirm the district court's dismissal finding that the medical negligence claims as pled required that Putz file a certificate of merit.

### I. Background Facts and Proceedings.

According to her pleadings, Putz sought medical treatment for urinary incontinence and her physician and eventual surgeon recommended surgery. Putz claims that before surgery she lived an active lifestyle running and lifting

---

[1] The State noted in its motion to dismiss and in its brief on appeal that Putz was incorrect when referring to the "'University of Iowa Health System' as an alternate name ('d/b/a') of the State of Iowa. University of Iowa Health System is not a State entity, but is rather a separate non-profit entity."

[2] Putz does not challenge the dismissal of her lack of informed consent claim, limiting the appeal to her first medical malpractice claim.

weights. On June 24, 2021, she was admitted to the University of Iowa Hospitals and Clinics and underwent a vaginal hysterectomy, uterosacral colposuspension, midurethral sling, and cystoscopy. Putz alleges after surgery she had numbness in the plantar surface of her left foot and loss of motor function of the left foot. She claims these symptoms are permanent and "[s]he is unable to perform any exercise with shoes or to run any meaningful distance due to her symptoms."

On March 15, 2024, Putz filed a petition claiming medical malpractice against the State.[3] In her petition raising a medical malpractice claim, she argued that the State: (1) "failed to ensure proper surgical positioning," (2) failed to operate "in a way that would not cause permanent nerve injury," and (3) "failed to exercise the ordinary care and skill in keeping with their professions, and in the areas of the professions in which they specialized, and in the manner in which they diagnosed, cared for, treated, and otherwise rendered care to" her. She claimed her injuries were the "direct and proximate result" of the State's negligence.

The State answered on May 2, denying the allegations in Putz's petition and asserting affirmative defenses. Over sixty days passed, and Putz did not file anything more. On July 16, the State moved to dismiss all claims and argued that under Iowa Code section 147.140 (2024), Putz was required to file a certificate of merit affidavit from a qualified expert within sixty days of its May 2 answer as all of her claims required expert testimony.

On August 5, Putz filed her resistance to the motion to dismiss, arguing that she was not required to file a certificate of merit because she was proceeding

---

[3] Originally she had additionally brought claims against three other previously named defendants, but they have been dismissed from this action.

under the theory of res ipsa loquitur. The State replied on August 13, alleging that Putz failed to plead res ipsa loquitur in her petition and that even if she had, her claims could not be comprehended by a layperson without expert testimony. The district court considered the State's motion to dismiss without a hearing and granted the motion. Putz appeals.

## II. Error Preservation.

To start, we look at what issues were preserved for our review. "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). "When a district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal." *Id.*

On appeal, Putz brings four claims: (1) res ipsa loquitur applies to her medical malpractice claim such that expert testimony is not required and thus she is not required to file a certificate of merit under Iowa Code section 147.140; (2) res ipsa loquitur is not a claim that must be pled separately; (3) the district court erred limiting the res ipsa loquitur doctrine to cases where a foreign object is retained; and (4) the district court erred "by finding that the res ipsa loquitur doctrine required [her] to plead specific causation."[4] The State contests error preservation because "[t]he district court did not rule that the doctrine of res ipsa loquitur (1) is a separate

---

[4] At oral argument, the State conceded that it was not necessary for Putz to include in her petition a specific causation theory under res ipsa loquitur. But, as we read the district court ruling, it did not require Putz to specifically plead a theory of res ipsa loquitur. Instead, the court found that even with a stated claim in the petition, the doctrine of res ipsa loquitur was not applicable under these facts.

claim that must be pled, rather than an evidentiary doctrine; (2) is limited to retained foreign object cases; or (3) required [Putz] to plead specific causation." We find that the district court did not rule on her second, third, or fourth claim and Putz did not move to enlarge the order, thus these claims were not preserved. We turn to her sole surviving claim.

### III. Standard of Review.

"We review rulings on motions to dismiss under Iowa Code section 147.140(6) . . . for correction of errors at law." *Miller v. Cath. Health Initiatives-Iowa, Corp.*, 7 N.W.3d 367, 372 (Iowa 2024) (citation omitted). "For purposes of reviewing a ruling on a motion to dismiss, we accept as true the petition's well-pleaded factual allegations, but not its legal conclusions." *Struck v. Mercy Health Servs.-Iowa Corp.*, 973 N.W.2d 533, 538 (Iowa 2022) (citation omitted). "We construe the petition in its most favorable light, resolving all doubts and ambiguities in the plaintiff's favor." *Id.* (cleaned up).

### IV. Analysis.

Putz claims that res ipsa loquitur applies to her medical malpractice claim such that expert testimony is not required and thus she need not have filed a certificate of merit under Iowa Code section 147.140. The State contends the res ipsa loquitur doctrine cannot apply because Putz's claims require expert testimony to show a breach of standard of care by these medical providers as the lack of care is not so obvious to be within the common knowledge of a lay person.

"Res ipsa loquitur is Latin for 'the thing speaks for itself.'" *Banks v. Beckwith*, 762 N.W.2d 149, 151 (Iowa 2009) (citation omitted). To proceed under the theory of res ipsa loquitur a plaintiff must present substantial evidence that:

"(1) the injury was caused by an instrumentality under the exclusive control and management of the defendant, and (2) that the occurrence causing the injury is of such a type that in the ordinary course of things would not have happened if reasonable care had been used." *Id.* at 152 (citation omitted). When res ipsa loquitur applies, expert testimony about the standard of care and breach is not necessary because the professional breach is so blatant and obvious that the average layperson understands the breach occurred without the specialized testimony. *Est. of Butterfield v. Chautauqua Guest Home, Inc.*, 987 N.W.2d 834, 841 (Iowa 2023) ("If a doctor operates on the wrong patient or amputates the wrong limb, a plaintiff would not have to introduce expert testimony to establish that the doctor was negligent." (citation omitted)). But expert testimony is required to establish the standard of care when the event at issue involved medical judgment. *Id.*

In cases where "expert testimony is necessary to establish a prima facie case" plaintiffs must submit "a certificate of merit affidavit signed by an expert witness with respect to the issue of standard of care and an alleged breach of the standard of care" within sixty days of the defendant's answer. Iowa Code § 147.140(1)(a). Upon a motion to dismiss, plaintiffs who fail to comply with Iowa Code section 147.140(1) shall have their claims requiring expert testimony dismissed. *Id.* at § 147.140(6). "[T]he legislature enacted section 147.140 to provide a mechanism for early dismissal with prejudice of professional liability claims against healthcare providers when supporting expert testimony is lacking." *Struck*, 973 N.W.2d at 539.

While Putz is correct that expert testimony is not always required when the doctrine of res ipsa loquitur applies, simply asserting that res ipsa applies to your claim is not enough to make it true. *See Banks*, 762 N.W.2d at 152; *Perin v. Hayne*, 210 N.W.2d 609, 615 (Iowa 1973) (holding even though the plaintiff provided expert testimony, there was not "any basis . . . for submission of res ipsa loquitur" when a spinal surgery resulted in nerve injury that caused vocal cord paralysis). Expert testimony has been required to establish technical matters that are beyond the understanding of a layperson. *Kennis v. Mercy Hosp. Med. Ctr.*, 491 N.W.2d 161, 167 (Iowa 1992) (rejecting "plaintiff's claim that expert testimony is not required under his res ipsa loquitur claim" when during an intestinal bypass surgery a tube attached to the bladder became displaced and leaked urine into the body); *Forsmark v. State*, 349 N.W.2d 763, 768–69 (Iowa 1984) (finding res ipsa loquitur inapplicable when a brain injury occurred during heart surgery).

As in *Struck*, we begin with a review of the Putz's claims in her petition. *Struck,* 973 N.W.2d at 540–41. Putz pled that the medical providers "fell below the standard of care" in these ways: "failed to ensure proper surgical positioning to prevent injury," "failed to operate . . . in a way that would not cause permanent nerve injury," and "otherwise failed to exercise the ordinary care and skill in keeping with their professions." Those theories address medical skill and judgment and thus, as to those claims, we cannot conclude that Putz has a claim where it would be obvious to a layperson that a breach occurred without specialized testimony. So, we find Putz cannot survive dismissal under these theories. Because these claims involved alleged "professional negligence" claims and Putz did not file a certificate of merit, she effectively pleaded herself out of

court. *See id.* at 541. Thus, as to the allegations found in Putz's petition, a certificate of merit with expert testimony as to the standard of care was required to prove up the claim. *Id.* at 540 n.6.

Still resting on her request to apply the res ipsa loquitur doctrine, Putz contends this case falls under an exception to the rule requiring a certificate of merit. *See Perin,* 210 N.W.2d at 613 (recognizing three means to prove physician negligence: (1) through expert testimony; (2) by evidence the lack of care was so obvious to be within the layperson's knowledge; and (3) by evidence the medical provider injured a part of the body not involved in the treatment). Putz argues, but for this surgery, she was not experiencing these leg and foot symptoms in an area different than the part of her body involved in her surgery. As Putz urges, it is common knowledge that it is improper for medical personnel to permanently damage a patient's lower extremities when performing a hysterectomy. *See Wiles v. Myerly*, 210 N.W.2d 619, 624, 629 (Iowa 1973) (noting that "[i]nfliction of a burn on the patient's buttocks is not a normal or usual result" from surgery for correction of a vascular circulatory problem "if due care is exercised in the performance of the operation").

So, does Putz's allegation that her vaginal hysterectomy surgery resulted in numbness and loss of motor function to her foot and leg require expert medical testimony on the issue of a breach of the standard of care?

> Section 147.140(1)(a) establishes that a certificate of merit is required when a plaintiff pleads (1) an "action for personal injury or wrongful death," (2) "against a health care provider," (3) which is "based upon the alleged negligence in the practice of that profession or occupation or in patient care," and (4) "includes a cause of action for which expert testimony is necessary to establish a prima facie case."

*Struck*, 973 N.W.2d at 540. We find that this is not a case within the realm of a layperson's understanding, and thus this claim requires expert testimony. *Contrast Butterfield*, 987 N.W.2d at 841 (proving an example of medical malpractice within the understanding of a layperson as surgeon operating on the wrong limb) *with Forsmark*, 349 N.W.2d at 768–69 (finding heart surgery resulting in a brain injury beyond the scope of a layperson's understanding).

We do not find that the connection between the alleged negligence related to the surgery and the allegations of symptoms in her foot and leg is so blatant that expert testimony is not required. Instead, Putz attempts to utilize the doctrine to infer that some action produced her injury without knowing what that act is. "The doctrine of res ipsa loquitur does not raise any inference as to what did occasion the injury; but, after the evidence has established the thing which did occasion the injury, then under certain circumstances, this doctrine will raise an inference of negligence." *Wilson v. Paul*, 176 N.W.2d 807, 809 (Iowa 1970) (cleaned up). Or put another way, the doctrine of res ipsa loquitur "permits an inference that the known act which produced the injury was a negligent act, but it does not permit an inference as to what act did produce the injury. Negligence manifestly cannot be predicated of any act until you know what the act is." *Tamco Pork II, LLC v. Heartland Co-op*, 876 N.W.2d 226, 235 (Iowa Ct. App. 2015) (citation omitted). Here, the focus is on what the medical providers did or did not do during the surgery, all of which relates back to professional skill and knowledge. That link back to professional care and treatment, as opposed to a blatant action which a layperson could know was outside of the physician's lack of care, does not allow

for the res ipsa loquitur rule to serve as an "avenue for recovery." *Jones v. Mercy Hosp.*, No. 24-0139, 2025 WL 703183, at *8 (Iowa Ct. App. Mar. 5, 2025).

The district court did not error in finding that Putz was required to file a certificate of merit to provide expert testimony on the issue of an alleged breach of the standard of care and that dismissal of the claim was proper under section 147.140(6). We affirm the district court's dismissal of this claim.

**V. Conclusion.**

We affirm because the district court correctly found that Putz was required to provide expert testimony for her claims. Thus, under Iowa Code section 147.140, Putz was required to file a certificate of merit. Because Putz failed to do so, she failed to comply with Iowa Code section 147.140(6). Her remaining claims were not preserved for our review. We affirm the dismissal of Putz's petition.

**AFFIRMED.**