# IN THE COURT OF APPEALS OF IOWA

_____

No. 25-0321
Filed June 24, 2026

_____

**Montora Johnson and Woochie's World, L.L.C.,**
Cross Claimants-Appellants,

v.

**Bauer Built, Inc.,**
Cross Claimant Defendant-Appellee.

_____

Appeal from the Iowa District Court for Black Hawk County,
The Honorable David P. Odekirk, Judge.

_____

**AFFIRMED**

_____

Thomas P. Frerichs of Frerichs Law Office, P.C., Waterloo,
attorney for appellants.

Andrew Tice of Ahlers & Cooney, P.C., Des Moines, attorney for appellee.

_____

Considered without oral argument
by Ahlers, P.J., Buller, J., and Doyle, S.J.
Opinion by Ahlers, P.J.

**AHLERS, Presiding Judge.**

Montora Johnson took a semi-tractor to Bauer Built, Inc. (BBI) to have a wheel assembly fixed.[1] Johnson picked up the semi after BBI completed the repair and took it on a routine business route later that day. Approximately three hours into the drive, the wheel BBI had just serviced fell off, collided with another vehicle traveling on the highway, and injured the driver of the other vehicle. That driver sued Johnson and BBI. Johnson filed a cross-claim against BBI.[2] The driver eventually dismissed the suit, presumably after settling the claims against all defendants. Thus, as relevant to this appeal, Johnson's cross-claim against BBI is the only claim remaining in this action.

Johnson's cross-claim against BBI alleged BBI's negligent repair of the wheel assembly caused it to dislodge, resulting in damage to Johnson. Johnson asserts that his cross-claim includes both a specific negligence claim and a general negligence claim based on a theory of res ipsa loquitur (res ipsa). BBI moved for summary judgment claiming: (1) Johnson failed to

---

[1] Woochie's World, L.L.C., owned the semi. Johnson is the controlling owner of Woochie's World, L.L.C. For ease of reading, we will refer to Johnson and Woochie's World, L.L.C. collectively as Johnson.

[2] Although the pleadings and briefs refer to Johnson's filing against BBI as a "cross petition," we find it is more appropriately referred to as a cross-claim. A cross-claim is "any claim by one party *against a coparty* arising out of the transaction or occurrence that is the subject matter either of the original action or a counterclaim therein." Iowa R. Civ. P. 1.245 (emphasis added). A cross-petition can be used by a defending party against "*a person not a party to the action* who is or may be liable for all or part of the plaintiff's claim." Iowa R. Civ. P. 1.246(1) (emphasis added). As Johnson and BBI were both named as defendants in the suit, Johnson's claim against BBI is a cross-claim, so we will refer to it as such. *See* Iowa Rs. Civ. P. 1.245, .246.

Johnson did add a party to the suit—an employee of BBI—by filing a cross-petition against that party as a third-party defendant. But Johnson later voluntarily dismissed that cross-petition, so we do not address it further.

assert a general negligence claim based on the doctrine of res ipsa; (2) even if Johnson did assert a general negligence claim, summary judgment was appropriate because expert testimony was necessary to establish the claim and Johnson failed to provide the supporting expert evidence; and (3) even if an expert was not required for Johnson's general negligence claim, summary judgment was still appropriate because Johnson failed to produce evidence creating a genuine issue of material fact as to his damages. The district court granted BBI's motion based on the first and second issues, but it did not reach the third issue, finding it to be moot in light of the ruling on the first two issues. Johnson appeals.

## I.     Standard of Review and Summary Judgment Standard

We review summary judgment rulings for correction of errors at law. *Singh v. McDermott*, 2 N.W.3d 422, 424 (Iowa 2024). Summary judgment is proper when there is no genuine issue of material fact and the moving party is therefore entitled to judgment as a matter of law. *Id.* When determining whether a genuine issue of material fact exists, we view the evidence in the light most favorable to the nonmoving party including drawing all legitimate inferences in the nonmoving party's favor. *Id.* at 427–28.

## II.     Analysis

Johnson argues the court erred in finding Johnson's pleading was not enough to assert a general negligence claim based on res ipsa, and the court erred in finding that an expert was necessary to support Johnson's res ipsa claim. BBI argues that the court correctly ruled on the two issues Johnson raises, but, even if we reverse the district court's decisions on these two issues, we should still uphold the summary judgment ruling because Johnson did not generate a genuine issue of material fact as to his claim for damages. We address these claims in turn.

## A.    Pleading Res Ipsa Loquitor

The district court found Johnson's pleadings identified only a specific negligence action based on BBI's failure to properly lubricate the wheel assembly.  The court concluded that Johnson's cross-claim did not give BBI fair notice of a general negligence claim based on res ipsa, so it would unfairly prejudice BBI to allow Johnson to add such a claim after BBI filed its motion for summary judgment.  Johnson challenges these conclusions.

The supreme court in *Weyerhaeuser Co. v. Thermogas Co.* found that a plaintiff can make both a specific negligence claim and a general negligence claim based on res ipsa.  620 N.W.2d 819, 831 (Iowa 2000).  In doing so, it noted that Iowa is a notice pleading jurisdiction, so the petition must "apprise[] the opposing party of the incident from which the claim arose and the general nature of the action." *Id.* (citation omitted).  This standard is liberal. *Benskin, Inc. v. West Bank*, 952 N.W.2d 292, 307 (Iowa 2020).  The petition in *Weyerhaeuser* met this standard because it alleged the defendant was negligent in supplying the plaintiff with a defective and unreasonably dangerous propane tank but did not say how the tank was defective or unreasonably dangerous. *Id.* at 831–32.  The court determined res ipsa was properly pleaded. *Id.*

Similar circumstances exist here.  Johnson's cross-claim alleged, "The wheel assembly repair and calibration conducted by . . . Bauer Built . . . was negligently performed, and that negligence was a cause of the wheel detachment and resulting damages to Johnson."   Like the pleadings in *Weyerhaeuser*, this claim asserts the instrumentality—the wheel assembly— was negligently repaired and calibrated but does not say how. *See id.*  Further, BBI had fair notice that Johnson's claim included a res ipsa claim.  That conclusion is supported by the fact that BBI cited a recent res ipsa case—

4

specifically, *Singh v. McDermott*, 2 N.W.3d 422 (Iowa 2024)—and provided extensive discussion of circumstantial evidence in its summary judgment motion. We conclude that Johnson sufficiently raised res ipsa and the court erred in ruling otherwise.

## B.    Evidence of Res Ipsa Loquitur

Res ipsa allows a negligence claim to proceed to the jury if there is substantial evidence that (1) "the injury was caused by an instrumentality under the exclusive control and management of the defendant" and (2) "the occurrence causing the injury is of such a type that in the ordinary course of things would not have happened if reasonable care had been used." *Singh*, 2 N.W.3d at 427 (quoting *Banks v. Beckwith*, 762 N.W.2d 149, 152 (Iowa 2009)). When the plaintiff meets this burden, the jury can, but need not, infer the defendant was negligent. *Id.* The district court determined Johnson failed to provide substantial evidence of the second element because he did not provide expert testimony regarding the possible causes of the wheel becoming dislodged and *Singh* required such expert testimony.

In *Singh*, the supreme court assessed whether an expert was required to defeat summary judgment on a res ipsa claim when a cow escaped a seemingly adequate enclosure and was hit by a truck on the interstate. *Id.* at 428–29. The court noted domestic animals such as cattle can escape from adequate confines absent negligence. *Id.* It found expert testimony was required because "the nuances of bovine behavior are [not] so widely understood that a jury of ordinary citizens would be able to say that—'in the ordinary course of things'—a cow would not have escaped without [the owner's] negligence." *Id.* at 429 (citation omitted). Without such expert testimony, summary judgment was appropriate. *Id.*

*Singh* is distinguishable from this case in two key respects. First, unlike cattle and other domestic animals, a wheel assembly does not have a mind of its own and cannot act on its own accord. *See id*. at 428–29. Second, while "the nuances of bovine behavior" are not widely understood or within the common experience of ordinary citizens, driving and vehicle care are. *See id*. at 429. It is within the common experience of ordinary citizens that a wheel assembly that was just repaired does not fly off while driving three hours later in the absence of negligence. *See, e.g.*, William A. Harrington, Annotation, *Res Ipsa Loquitur as Applied to Accident Resulting from Wheel or Part Thereof Becoming Detached from Motor Vehicle*, 79 A.L.R.3d 346 (1977) (noting with few exceptions that "res ipsa was held available in all of the detached wheel cases in which the issue was decided"); *Neace v. Laimans*, 951 F.2d 139, 141 (7th Cir. 1991) ("In general, a wheel detachment is a hornbook res ipsa loquitur situation."); *McDougald v. Perry*, 716 So. 2d 783, 786 (Fla. 1998) ("[T]he doctrine of res ipsa loquitur is particularly applicable in wayward wheel cases."). Therefore, no expert testimony was required, and the court erred in ruling otherwise.

## C.   Damages

BBI alternatively contends summary judgment was appropriate because Johnson's only claimed damages are based on the contention that Johnson became uninsurable as a result of the lawsuit filed against Johnson resulting from the detached-wheel incident, which caused Johnson to lose revenue. BBI contends Johnson did not produce evidence creating a genuine issue of material fact that the wheel-detachment incident caused Johnson's inability to secure insurance. The district court did not reach this ground for granting summary judgment because its decision on the other grounds made the damages issue moot. But we can still affirm on this alternative ground.

6

*See Fencl v. City of Harpers Ferry*, 620 N.W.2d 808, 811–12 (Iowa 2000) ("We first examine the basis upon which the trial court rendered its decision, affirming on that ground if possible. If we disagree with the basis for the court's ruling, we may still affirm if there is an alternative ground, raised in the district court and urged on appeal, that can support the court's decision." (internal citation omitted)).

BBI's argument is based on the fact that—besides damages related to the other driver's claims against all defendants that became moot when the driver dismissed his claims against all defendants—Johnson's cross-claim alleged only one type of damage. Johnson alleged that the claim by the other driver caused Johnson "to become uninsurable as a motor vehicle carrier" and, without insurance, Johnson "could not conduct business and was forced to shut down causing significant revenue loss." Based on this allegation in the cross-claim, BBI contends Johnson limited his claim for damages to those associated with his alleged inability to obtain insurance.

But we agree with Johnson that, with notice pleading, damage allegations are allowed to be fairly vague. And Johnson included a claim for "[a]ctual damages for the complete shutdown" of his business in the cross-claim's prayer for relief, which arguably could have included other categories of damages beyond those associated with the inability to obtain insurance. So the wording of the cross-claim alone does not entitle BBI to summary judgment, assuming it can show no factual dispute as to insurability. But the discovery process revealed that Johnson was not making any claims beyond those related to insurability. Johnson confirmed this at his deposition:

> Q. So I understand your claim is premised upon not being able to get insurance to drive this truck and that impacted your business. Is that fair? A. No.
>
> Q. No? A. No.

7

Q. Okay. So what is your understanding, then, of the claim that you're making against [BBI] . . . in this case? A. That I was not able to operate . . . my company. None of my trucks, not just that truck.

Q. And why were you not able to operate? A. Because I was unable to get insurance.

Between the specificity of the allegation of damages based only on insurability in Johnson's cross-claim, coupled with Johnson's deposition answers confirming that as the basis for his damage claim, we conclude that damages flowing from his alleged inability to obtain insurance is the only basis for Johnson's damage claim.

Having concluded that Johnson is only claiming damages based on lost revenue caused by his inability to secure insurance, we turn to the summary-judgment process. In support of its motion for summary judgment on this basis, BBI acknowledges that Johnson became uninsured, but it presented evidence that the wheel-detachment incident had nothing to do with the loss of insurance. BBI presented evidence that Johnson's insurance company renewed Johnson's policy nearly four months after the wheel-detachment incident. Shortly after renewing the policy, the company sent notice of cancellation of the policy to Johnson. The notice made no mention of the wheel-detachment incident or any claims history as the reason for cancellation. Instead, the notice canceled the policy because "[Johnson] does not meet our acceptability criteria. [Johnson] is unacceptable because: The Insured breached the terms and conditions of the policy by failing to notify the Insurer of the operation of additional vehicles, as required by the policy."

This evidence met BBI's burden, as the party moving for summary judgment, to demonstrate the nonexistence of a material fact question as to the wheel detachment not being the cause of Johnson losing insurance. *See*

8

*Banwart v. 50th St. Sports, LLC*, 910 N.W.2d 540, 545 (Iowa 2018) (recognizing that the burden is on the party moving for summary judgment to demonstrate the lack of a material fact question). As BBI's motion was properly supported, Johnson was required to respond with specific facts demonstrating a genuine issue for trial as to his insurability. *See Green v. Racing Ass'n of Cent. Iowa*, 713 N.W.2d 234, 245 (Iowa 2006) (noting the nonmoving party's obligation to respond to show a genuine issue for trial after the moving party properly supports its motion for summary judgment).

We see no evidence in the record that counters BBI's evidence that Johnson's loss of insurance had nothing to do with the wheel-detachment incident or any claims stemming from it. And we are hampered in our efforts to find such evidence, as Johnson did not point to any in his reply brief.[3] As no evidence rebuts BBI's evidence that Johnson lost his insurance for reasons unrelated to the wheel detachment, and his loss of insurability is the only basis for his damage claim, we conclude that BBI is entitled to summary judgment for lack of proof that any alleged negligence by BBI caused Johnson any damage.

## III.   Conclusion

The district court erred in granting summary judgment based on its conclusions that Johnson failed to plead res ipsa and that he was required to

---

[3] To be clear, Johnson did not forfeit this issue by failing to respond to it in his reply brief, as he had no obligation to file a reply brief to rebut arguments made in BBI's brief. *See State v. Jackson*, 4 N.W.3d 298, 311 (Iowa 2024) (finding no forfeiture of an issue by failing to respond to the issue in a reply brief). But Johnson had the option of addressing this issue in his reply brief, and doing so may have been helpful because "we generally will not do a party's work for them, particularly if that requires us to assume a partisan role and undertake the party's research and advocacy." *Ronnfeldt v. Shelby Cnty. Chris A. Myrtue Mem'l Hosp.*, 984 N.W.2d 418, 421 (Iowa 2023) (cleaned up).

provide expert testimony to support a res ipsa claim.  But BBI is entitled to summary judgment on the alternative ground that Johnson failed to generate a genuine issue of material fact that any damages he claims to have sustained were caused by BBI's alleged negligence.  Therefore, we affirm the grant of summary judgment to BBI on that alternative ground.

**AFFIRMED.**